FILED

NOT FOR PUBLICATION

JUL 31 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LEONILO SARMIENTO LASAM; MARIE ANTONETTE BITO-ON LASAM, AKA Marie Antonette Bito-on; SAMUEL SETH BITO-ON LASAM, | No.   12-71216 |
| | Agency Nos.       A097-368-247 |
| | A097-368-248 |
| | A097-368-249 |
| Petitioners, | |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2018
Pasadena, California

Before: BERZON and N.R. SMITH, Circuit Judges, and NYE,** District Judge.

The Lasams—Leonilo, Marie Antonette, and Samuel Seth—petition for

review of an order by the Board of Immigration Appeals (BIA). The BIA

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

dismissed the Lasams' appeal of the denial of their applications for asylum and related relief by an Immigration Judge (IJ). We review the BIA's factual findings for substantial evidence, *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014), and its legal conclusions de novo, *Romero-Mendoza v. Holder*, 665 F.3d 1105, 1107 (9th Cir. 2011). We deny the petition for review.

We do not address whether there was substantial evidence to support the BIA's adverse credibility determination. Even if there was not, the BIA properly determined in the alternative that the Lasams lacked a well-founded fear of persecution by the New People's Army (NPA).

A central aspect of the Lasams' applications for asylum and withholding was an attack allegedly perpetrated by members of the NPA against Vergel Lasam, Leonilo's brother. But Vergel's own account of the attack acknowledges that two years passed before he realized that members of the NPA were responsible for the attack, and he does not assert that the attack occurred on account of the attackers' NPA membership or the Lasam family's connection to anti-NPA leaders. There was therefore substantial evidence on which to conclude that the attack against Vergel does not support finding a well-founded fear by Lasam family members of future persecution by the NPA. *See Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010).

In addition, the Lasams acknowledged that several of their family members continue to reside in the Philippines and have not been harmed. "[O]ngoing family safety in the country of origin [is] a relevant factor in assessing a request for asylum." *Vahora v. Holder*, 641 F.3d 1038, 1047 (9th Cir. 2011). The continued presence of these family members in the Philippines therefore also provides substantial support for the BIA's decision. *See Mendez-Efrain v. INS*, 813 F.2d 279, 282 (9th Cir. 1987). Because the Lasams failed to satisfy their burden to prove a well-founded fear of persecution, the BIA's conclusion is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B); *Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011).

**PETITION DENIED.**